UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENE ARMSTRONG,
    **Plaintiff,**

v.                                     Case No: 6:16-cv-2028-Orl-28DCI

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.,
    **Defendant.**

## ORDER

Eugene Armstrong filed this negligence action against Starwood Hotels & Resorts Worldwide, Inc. in state court, (Compl., Doc. 2), and Starwood removed it to this Court, (Notice of Removal, Doc. 1). Now pending is Armstrong's Motion for Remand (Doc. 8), in which Armstrong asserts that Starwood's Notice of Removal was untimely. As set forth below, the motion is denied, but Starwood will be required to file an amended notice of removal to correct its jurisdictional allegations.

### I. Legal Standards

A civil case filed in state court may be removed by the defendant to federal court if the case could originally have been brought in federal court. 28 U.S.C. § 1441(a). As relevant here, federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds the sum of $75,000 and is between "citizens of different States," 28 U.S.C. § 1332(a)(1), or "citizens of a State and citizens or subjects of a foreign state," id. § 1332(a)(2). District courts do not, however, have original jurisdiction under § 1332(a)(2) "of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Id. § 1332(a)(2).

Generally, a notice of removal must be filed within thirty days of receipt by the defendant of a copy of the initial pleading. Id. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

## II. Factual and Procedural Background

On August 31, 2016, Armstrong filed his Complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, alleging a negligence claim against Starwood arising from an injury Armstrong suffered while he was a guest at a property owned and operated by Starwood in Orlando, Florida. (Compl., Doc. 2). The Complaint alleges that Starwood "is a foreign corporation authorized to do business and doing business in Orange County, Florida," (id. ¶ 2), but it contains no allegations as to the citizenship of either Armstrong or Starwood. The Complaint seeks "damages that exceed" $15,000. (Id. ¶ 1).

After receiving the Complaint on September 2, 2016, Starwood promptly served a request for admissions inquiring into Armstrong's citizenship. (See Notice of Removal, Doc. 1, at 1 & 3). Armstrong responded on October 24, 2016, and Starwood removed the case to this Court on November 21, 2016, based on diversity of citizenship. (Id. at 1–2). Armstrong now moves for remand, arguing that Starwood's Notice of Removal was untimely. (Mot., Doc. 8). Starwood opposes remand and maintains that its Notice of Removal was timely filed. (Resp., Doc. 13).

## III. Discussion

Armstrong does not contest that this Court has diversity jurisdiction over this case—

challenging neither diversity of citizenship nor the requisite amount in controversy—but he argues that Starwood's Notice of Removal was untimely because it was not filed within thirty days of Starwood's receipt of the Complaint. Although this argument must be rejected and Armstrong's motion for remand will be denied, the jurisdictional allegations of the Notice of Removal are deficient and require amendment.

Starwood's Notice of Removal was not untimely. Starwood was not required to remove the case under 28 U.S.C. § 1446(b)(1) within thirty days of its receipt of the Complaint because the Complaint was silent as to the parties' citizenship and thus "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446(b)(3); see, e.g., Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (concluding that "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days"); accord Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694–95 (9th Cir. 2005) (agreeing with Lovern and other circuits that have ruled on the issue). The timeliness of Starwood's Notice of Removal is therefore governed by § 1446(b)(3) rather than § 1446(b)(1). As earlier noted, under § 1446(b)(3) a notice of removal is timely if it is "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an emended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Starwood explains in the Notice of Removal that it served a request for admissions on Armstrong in order to determine whether the parties were diverse. (Doc. 1 at 3). Specifically, Starwood—a citizen of Maryland and Connecticut for purposes of diversity jurisdiction—asked Armstrong on September 22, 2016, to admit that he was not on the

3

date of the subject incident[1] a citizen of Maryland or Connecticut and that he was not on the date of the request a citizen of either of those states. (Id.; see also Starwood's Req. for Admiss., Ex. B to Doc. 1, at 1–2). Armstrong responded on October 24, 2016, that he was not a citizen of either of those states on either date. (Doc. 1 at 3; see also Armstrong's Resp. to Starwood's Req. for Admiss., Ex. C to Doc. 1, at 1–2). Starwood then filed its Notice of Removal, relying on Armstrong's responses as "other paper" under § 1446(b)(3) and alleging that because it is a citizen of Maryland and Connecticut while Armstrong "is not a citizen . . . of either Maryland or Connecticut, complete diversity of citizenship exists between [Armstrong] and Starwood." (Doc. 1 at 3–4).

In his motion for remand, Armstrong asserts that Starwood knew months earlier that Armstrong's citizenship was diverse based on two pre-suit demand letters, at least one of which included Starwood's own incident report regarding the event at issue; that report listed a Canadian "home address" for Armstrong. Armstrong asserts that this indicated Armstrong "lived in Canada" on the date of the injury and that "[t]his was a clear indication that [Armstrong] was diverse in citizenship to" Starwood. (Doc. 8 at 5). Armstrong also argues that the demand letters "provided evidence that [Armstrong] was not a resident of Florida, Maryland or Connecticut" because they indicated: that Armstrong "followed up with St. Michael's Hospital in Canada where he is receiving physical therapy"; that Armstrong, an actor, was "unable to audition for a leading role in a Broadway musical"; that at the time of the injurious incident Armstrong "was vacationing with his family at" Starwood's Orlando property; that Armstrong "continued his care when he returned to

---

[1] It is not clear why Starwood asked about Armstrong's citizenship on the date of the injurious incident. As noted later in this Order, the relevant dates for assessment of citizenship for diversity jurisdiction purposes are the date the suit is filed in state court and the date the case is removed to federal court.

4

Toronto where he had ongoing occupational therapy"; and that Armstrong treated with a doctor at a hotel in Kingston, Ontario. (Doc. 8 at 5–6 (citing pre-suit demand letters)).

However, Armstrong's reliance on pre-suit demand letters and Starwood's alleged subjective knowledge of his citizenship is misplaced for several reasons. First, pre-suit demand letters do not constitute "other paper" under 28 U.S.C. § 1446(b)(3), and courts are not required "to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." Lovern, 121 F.3d at 162; see also Chapman v. Powermatic, Inc., 969 F.2d 160, 163–64 (5th Cir. 1992); Benstock v. Arrowood Indem. Co., No. 8:11-cv-2493-T-23TGW, 2011 WL 6314236, at *1–2 (M.D. Fla. Dec. 16, 2011) (collecting cases).

Second, in any event, the facts recited by Armstrong from those demand letters do not establish Armstrong's *citizenship*, which is the key inquiry in determining diversity jurisdiction. The fact that Armstrong was "vacationing" in Orlando says nothing about his citizenship, nor do the facts that he was unable to audition for a Broadway musical (presumably in New York) or that he received medical treatment in Canada. The Canadian home address on the incident report does not establish Armstrong's citizenship either. See, e.g., Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (noting that to allege diversity, a party "must allege the citizenship, not residence" of natural persons).

Finally, even Armstrong's October 24, 2016 responses to Starwood's request for admissions do not establish Armstrong's citizenship or that the parties are of diverse citizenship. As earlier noted, Armstrong admitted in those responses that he was not and is not a citizen of Maryland or Connecticut, and Starwood relied on those admissions in asserting that the parties are of diverse citizenship. (See Notice of Removal at 4

("Therefore, because Starwood is a Maryland corporation with its principal place of business in Connecticut, and [Armstrong] is not a citizen (or even a resident) of either Maryland or Connecticut, complete diversity of citizenship exists between [Armstrong] and Starwood.")). But negative allegations of citizenship are not sufficient to establish diversity. Instead, "[a] defendant must distinctly and affirmatively allege citizenship." Kozel v. Kozel, No. 8:16-cv-1384-T-36TGW, 2016 WL 4163562, at *7 (M.D. Fla. Aug. 4, 2016); see also Cameron v. Hodges, 127 U.S. 322, 324 (1888) ("That the defendant Hodges was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that state, is not sufficient to give jurisdiction . . . ."); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (noting that "Cameron remains the governing precedent").

This defect in the diversity allegations is curable, however. "Defective allegations of jurisdiction may be amended upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653." Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146–47 (5th Cir. 1979)). Although Armstrong denied being a citizen of Canada in his responses to Starwood's request for admissions, (see Ex. C to Doc. 1, at 1), Armstrong states in his motion for remand that he "is a Canadian actor based out of Toronto" and "is a Canadian citizen and a resident of New York." (Doc. 8 at 1). Thus, so long as these or similar circumstances[2] were also present both at the time this suit was filed (on August 31, 2016),

---

[2] That is, if at the relevant times Armstrong was a citizen of Canada who was not both lawfully admitted for permanent residence in the United States and domiciled in either Maryland or Connecticut, the parties are diverse. See 28 U.S.C. § 1332(a)(2).

6

and at the time it was removed to this Court (November 21, 2016), this Court indeed has subject-matter jurisdiction over this case based on diversity.[3] See, e.g., Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."); accord Rolfe v. CVS Pharmacy, Inc., No. 1:14-CV-01913-ELR, 2015 WL 12860556, at *1 (N.D. Ga. Apr. 27, 2015) (collecting cases and authorities). Starwood will be permitted to file an amended notice of removal that includes allegations sufficient to establish jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Cf. Mann v. Hage, Case No. 16-11979, 2016 WL 3541229, at *1 (E.D. Mich. June 29, 2016) (requiring party invoking the court's jurisdiction to "inform the Court whether any of the [opposing parties] are lawfully admitted for permanent residence in the United States and where they are domiciled").

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1. The Motion for Remand (Doc. 8) filed by Armstrong is **DENIED**.

2. **On or before Friday, May 26, 2017**, Starwood shall file an amended notice of removal that includes jurisdictional allegations establishing the parties' diverse citizenship under 28 U.S.C. § 1332(a)(2).

**DONE** and **ORDERED** in Orlando, Florida, on April 26, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[3] The Court is satisfied that the requisite amount in controversy is met here, and accordingly that aspect of diversity jurisdiction is not discussed in this Order.